Pickett and Rayner *v.* Boyd.

ROBERT M. PICKETT and THOS. A. RAYNER *v.* BLAND
P. BOYD, Adm'r of John D. Ware, deceased.

1. CONSTITUTIONAL LAW. *Retrospective law. Remedy.* Section 3485 of
the Arkansas Code, providing that a judgment assessing damages
against a principal in an injunction bond, shall be conclusive on the
surety, embraces bonds executed before its enactment, and as to
which, since it affects the remedy merely, it is constitutional.

2. JUDGMENT OF FOREIGN STATE. *Judge's certificate.* Under our Code,
section 3795, the certificate that the clerk's attestation is in proper
form, may be made by any judge, chief justice or presiding magis-
trate of the State, though he may not be a judge of the court wherein
the judgment was rendered.

3. SUPREME COURT PRACTICE. *Objections to evidence must be special.* In
order to put the court in error in the admission of testimony, the
specific objection to it must be pointed out.

4. STATUTE OF LIMITATIONS. *Injunction bond.* The statute of limita-
tion does not begin to run in favor of an administrator of a surety
upon an injunction bond, until the injunction is dissolved.

5. JUDGMENT. *Collateral attack.* In a suit upon a judgment, the judg-
ment cannot be attacked for mere irregularities.

FROM HAYWOOD.

Appeal from the Chancery Court at Brownsville.
H. J. LIVINGSTON, Ch.

BENJ. J. LEA and E. J. READ for complainants.

A. D. BRIGHT and B. P. BOYD for defendants.

COOKE, Sp. J., delivered the opinion of the Court.

In 1870 the respondent's intestate became the surety
of one R. M. Balch, upon an injunction bond executed

by him in the circuit court of Crittenden county, Arkansas, on the equity side of said court, for the purpose of restraining the sale of a tract of land, under a deed of trust executed by said Balch to secure a certain indebtedness to the complainants, in a cause instituted in said court by said Balch against one Howell and others. Said John D. Ware, the surety on said injunction bond, died in 1871 in Haywood county, Tennessee, intestate, and letters of administration upon his estate were granted to the respondent, Boyd, in 1872. The cause was finally determined in said circuit court in Arkansas, and the injunction dissolved in 1876, and the damages sustained by the complainants, by reason of the wrongful suing out of said injunction was then assessed, by the court, against the representatives of said Balch, who had died in the meantime, and the cause had been revived against them as such, and judgment rendered for the amount.

This bill was filed against the respondent as administrator of said Ware in 1877, to recover the amount of the damages so assessed against the principal in said injunction bond by the circuit court of Crittenden county, Arkansas, upon the final determination of said cause in 1876. Several questions have been made by the record, and insisted upon in argument, why the decree of the chancellor, who granted the relief sought by the bill, should be reversed.

Only such will be noticed, however, as are deemed material to a correct determination of the case.

By section 3482 of the Code of Arkansas, it is provided that "upon the dissolution, in whole or in part,

Pickett and Rayner v. Boyd.

of an injunction to stay proceedings upon a judgment or final order, the damages shall be assessed by the court, which may hear the evidence and decide in a summary way, or may, in its discretion, cause a jury to be empannelled to find the damages."

By section 3483, " where money is enjoined, the damages may be any rate of per cent on the amount released by the dissolution, which in the discretion of the court may be proper, not exceeding ten per cent."

And by section 3485, " judgment shall be rendered against the party who obtained the injunction, and the assessment shall be conclusive upon the surety of such party."

This latter provision did not exist until the adoption of the revised Code in 1874, and consequently was not in force at the date of the execution of the injunction bond, and it is objected that this provision cannot be applied to the bond in question. This position is not maintainable, because the statutory provision in question affects the remedy upon the bond alone and does not interfere with the right, and is not therefore retrospective in the sense of the constitutional prohibition: *Townsend* v. *Townsend,* Peck, 1; *Woodfin* v. *Hooper,* 4 Hum., 13, and numerous other cases cited; Meigs Digest, sec. 727, sub-sec. 23.

It is next objected that the transcript of the record and proceedings of said cause in which said judgment was rendered, is not certified as required by law.

The transcript is certified in due form by the clerk of the court in which the proceedings were had and the judgment rendered. The official character of the

clerk, and that his attestation is in due form of law, is certified to by the judge of the county court of Crittenden county, Arkansas, whose official character, etc., is certified to by the clerk of the circuit court; and the objection now taken is that the requisite certificate cannot be made by any other judge except the judge of the court in which the record and proceedings were had, and such are the provisions of the act of Congress upon this subject: See Code of Tennessee, vol. 1, page 175.

But by the provisions of our Code, section 3795, it is enacted that "a judicial record of a sister State, or any of the Federal Courts of the United States, may be proved by a copy thereof attested by the clerk under his seal of office, if he has one, together with a certificate of a judge, chief justice, or presiding magistrate, that the attestation is in due form of law." The meaning of which would seem to be, that the certificate of any judge, chief justice, or presiding magistrate, that the attestation is in due form is sufficient. And if this view of the case be correct there can be no valid objection, as the certificates are in all other respects strictly in conformity to the requirements of both the act of Congress and the provisions of the Code above cited. And it has been determined by this court that certificates in conformity to the requirements of said section of the Code are sufficient, although not in accordance with the requirements of the act of Congress: 2 Heis., 309.

But if this is not so, and it is unnecessary here to determine the question, we think the objection taken

to the certificate in the court below, was too general to be available to the respondent.

Said certified transcript was filed as an exhibit to the bill, and it was denied by the answer that it was certified as required by law, and on the trial in the chancery court, when the transcript was offered in evidence by the complainant, the respondent objected to it as evidence, as is shown by a bill of exceptions, because it was not certified as required by law; but neither by the answer nor by the exception was any specific defect or cause of objection, stated or reasons shown or pointed out, why the said certificates were not in conformity to the requirements of law. It has been too often decided by this court now to be questioned, that in order to put the court in error in the admission of testimony, the specific objection to it must be pointed out: *Campbell* v. *Campbell*, 3 Head, 327; *German* v. *German* 7 Cold., 180. Hence, we hold that the transcript of the record was properly admitted.

The statutes of limitation of two years and six months, and of three years and six months, were pleaded, and it is insisted that the action was barred by either one of these statutes, as Ware, the respondent's intestate, died in 1871, and letters of administration was granted to respondent in 1872, and the bill was not filed until 1877.

It is a sufficient answer to this that the suit in which the injunction was granted was not determined, nor the injunction dissolved until in 1876, and hence, the respondent's liability did not attach or the complainants right of action accrue until that time. The

suit having been commenced within less than two years after the complainants right of action accrued, the statute could form no bar as it did not commence to run until the right of action had accrued: *Bradford* v. *Mc-Lemore*, 3 Yer., 318; *Trott* v. *West*, 9 Yer., 433.

It is next insisted that the suit here should have been upon the original injunction bond instead of the transcript of the record and proceedings in said circuit court. There is nothing in this objection. The injunction bond was a part of the record in that cause, and could not be reversed. A certified copy of it as well as the judgment and proceedings upon which it was rendered, is in the transcript, and well warrants the decree of the chancellor.

Various objections are urged to the regularity of the proceedings of that court. To all of which it is a sufficient answer to say, the judgment remains in full force and was unappealed from. Every presumption is in favor of its correctness, and it cannot be attacked for mere irregularities in this mode: Freeman on Judgments, sec. 565; 45 N. Y., 535; 6 Am. Rep., 132.

There is no error in the chancellor's decree, and it will be affirmed with costs.