## DAVIS *v.* DAVIS.

(*Knoxville*, September Term, 1949.)

(May Session, 1950.)

Opinion filed June 10, 1950.

CARL J. WOOD, WALTER T. WOOD and TOM J. DAVIS, all of Chattanooga, for appellant.

H. D. KERR, of Cleveland, for appellee.

MR. JUSTICE PREWITT delivered the opinion of the Court.

This appeal results from a decree of the Chancellor sustaining a demurrer to the bill filed by complainant, George W. Davis, against his former wife, Mary Davis. Complainant contends that he was not brought into court by personal service of process, and the court was, therefore, without jurisdiction to fix a lien on his real estate to enforce the payment of alimony.

On March 21, 1948, Mary Davis (defendant herein) filed her original bill in the Circuit Court of Bradley County, seeking a divorce a *mensa et thoro* from George W. Davis (complainant herein). On April 29, 1948, George W. Davis filed an answer and cross bill to this original bill, and on May 6, 1948, Mrs. Davis answered the cross bill. Later, a decree was rendered in favor of Mrs. Davis, and the Cross bill of her husband was dismissed. By this decree Mrs. Davis was awarded alimony in the sum of $25 a month and a fee of $75 for her solicitor. All matters pertaining to the property rights of the

parties in the real estate were held in abeyance by this decree, and the case was retained on the docket for further orders.

On April 18, 1049, Mrs. Davis (defendant herein) filed a petition in the Circuit Court of Bradley County, alleging that her former husband had failed to comply with the original decree, and seeking to recover the alimony payments from certain real estate that her former husband owned in fee simple. Thereafter, on August 2, 1949, Mrs. Davis filed another petition seeking an absolute divorce from her former husband, who was then a resident of the State of Ohio. The decree ordering the sale of the real estate and fixing the amount of alimony was not appealed from. It will be borne in mind that George W. Davis (defendant in the former suit), who was regularly before the court by personal service of process, filed an answer and cross bill in the original case, and the case was retained in court for further orders.

Where an inferior court has acquired jurisdiction in the manner prescribed by law, every presumption is to be made in favor of the regularity of its proceedings and jurisdiction thereto cannot be raised collaterally but only on appeal. *Pickett & Rayner* v. *Boyd*, 79 Tenn. 498.

In *Page* v. *Turcott*, 179 Tenn. 491, 503, 167 S. W. (2d) 350, 354, this Court quoted with approval from the case of *Sloan* v. *Sloan*, 155 Tenn. 422, 428, 295 S. W. 62, as follows: " 'Where the court has jurisdiction of the parties and of the subject matter,' as we hold to be true in this case, 'it is well settled by the decisions of this court that every reasonable presumption will be indulged in support of the regularity of the proceedings, and the validity of the judgment of courts of competent general jurisdiction.' "

In the present cause, the Circuit Court had jurisdiction of the parties in the original suit and held the jurisdiction of their property rights in abeyance for further orders of that Court. We think the Circuit Court was within its rights in impounding the real estate for the purpose of satisfying the original decree when the parties were personally before that Court.

"The Court had jurisdiction of the subject matter and of the parties, and therefore had the right to render a judgment declarative of the rights of the parties arising from the scope of the pleadings. Hence, the judgment, however erroneous, cannot be pronounced void." *Bonding Co.* v. *McLemore,* 4 Tenn. Civ. App. 633, 637.

"The rule invalidating personal judgments against non-residents have no application to proceedings with respect to property within the jurisdiction of the decreeing Court." *Barrow* v. *Barrow,* 4 Tenn. Civ. App. 338, 345.

All assignments of error are overruled, and the decree of the Chancellor sustaining the demurrer of the defendant is affirmed.

All concur.