## ELLEN F. STERL
## v.
## ALEXANDER STERL.

1. DIVORCE—GRANTED ON CROSS-BILL OF NON-RESIDENT DEFENDANT.— Where a party complainant, who has resided in this State over one year, files his bill for divorce, the defendant, though a non-resident, may file a cross-bill in said cause, and pray therein for a divorce from the complainant, although she has not resided in this State for more than a year prior to so suing for divorce.

2. NATURE OF CROSS-BILL.—A cross-bill being considered as a defense to the original bill or a proceeding necessary to a complete determination of a matter already in litigation, the complainant is not required, as against the complainant in the original bill, to show any ground of equity, in support of the jurisdiction of the court.

APPEAL from the Superior Court of Cook county; the Hon. S. M. Moore, Judge, presiding.

Messrs. CHETLAIN & GREGORY, for appellant; that the court acquired jurisdiction of the cross-bill by virtue of its connection with the subject matter of the original suit, cited 2 Barb. Ch. Pr. 485; Clark v. Mathewson et al. 12 Pet. 164; Wickliffe v. Clay, 1 Dana, 589.

A cross-bill is an adjunct of the original cause; is generally considered a defense, and the two taken together constitute but one cause: 2 Barb. Ch. Pr. 482; Mitford & Tyler's Eq. Pl. 179; Story's Eq. Pl. § 399; Dober v. Potman, Hardn's R. 160; Kemp v. Mackrell, 3 Atk. 812; Nelson et al. v. Dunn et al. 15 Ala. 501; Cartwright et al. v. Clark, 4 Met. 104.

A cross-bill must seek equitable relief, and be confined to the subject matter of the original suit: 2 Barb. Ch. Pr. 488; Story's Eq. Pl. § 398; Calverly v. Williams, 1 Ves. Jr. 211;

Tobey et al. v. Foreman, 79 Ill. 489; Thompson v. Shoemaker, 68 Ill. 256.

The original and cross-bill are distinct causes for the purpose of a hearing: 2 Barb. Ch. Pr. 493; Myers et al. v. Manny et al. 63 Ill. 211; Beauchamp et al. v. Putnam, 34 Ill. 378; Field v. Schieffelin et al. v Johns. Ch. 252.

If the cross-bill is taken as confessed, it may be used as evidence against the complainant in the original suit: 2 Barb. Ch. Pr. 127; White v. Buloid, 2 Paige Ch. 164.

A plea to the jurisdiction in a cross-bill will not lie, unless filed by a person not capable of suing alone: Mitford & Tyler's Ch. Pr. 377; 2 Barb. Ch. Pr. 490; Story's Ed. Pl. § 832.

In the Federal courts a cross-bill will be sustained between citizens of the same State, although an original suit would not lie except between citizens of different States: Schenck v. Peay, 1 Woolw. 175; Clarke v. Matthewson et al. 12 Pet. 164; Cross v. De Valle, 1 Wall. 1; Freeman v. Howe et al. 24 How. 450; Minnesota Co. v. St. Paul Co. 2 Wall. 633; Dunn et al. Clarke et al. 8 Pet. 1.

Mr. L. M. LANGE, for appellee; that appellant being a non-resident, is not entitled to a decree of divorce, cited Rev. Stat. 1874, 420, §§ 2, 5; Way v. Way, 64 Ill. 406.

A cross-bill is to be deemed an original suit: Thompson v. Shoemaker, 68 Ill. 256; Myers et al. v. Manny et al. 63 Ill. 211; Welf. Eq. Pl. § 230; Story's Eq. Pl. § 629.

No divorce can be granted upon a general charge of adultery; the time and place of committing the act should be stated with reasonable certainty: Kane v. Kane, 3 Edw. Ch. 389; Morrell v. Morrell, 1 Barb. 318; Bishop on Marriage and Divorce, 604.

MURPHY, P. J.   It appears that on the 19th day of January, 1875, appellee filed his bill against the appellant for divorce, in the Superior Court of Cook county, and with his bill he filed his affidavit of the non-residence of the appellant, in pursuance of the statute in such case made and provided.   That such proceedings were thereafter, from time to time had, as

that on the 12th day of April, 1875, a decree of divorce was entered between the parties, the appellant being constructively notified by publication in a newspaper. It also appears that on the 25th day of October, 1877, the appellant appeared in said court and filed her petition in pursuance of the provisions of section 19, chap. 22, of Hurd's Revised Statutes of 1877, to have said decree opened, and to be allowed to file her answer, and defend the suit; which was granted by the court, and thereupon she filed her answer to his original bill, and on the 26th day of November, 1877, filed her cross-bill in the cause, charging the appellee with desertion, and also with adultery committed in the State of Illinois.

That afterwards, on the 26th day of December, 1877, the appellee filed his replication to the answer of the appellant to said original bill and his demurrer to the cross-bill. The first ground of demurrer assigned, being that "it appears from said cross-bill that the complainant has not, for one whole year next before filing the same, resided in the State of Illinois." That on the 30th day of March, 1878, the court below sustained said demurrer and dismissed the cross-bill, to which appellant excepted and prayed an appeal to this court, which being granted, she brings the record here, and assigns for error the sustaining of said demurrer and dismissing the cross-bill. It appears that prior to filing the original bill, the complainant therein had actually resided in Chicago for a period of two years, away from his wife, appellant, who continued her residence in New York city, where she still appears to reside. Upon these facts, a question of law is raised which we are called upon to decide.

Section 2, chapter 40, Revised Statutes 1877, is as follows: "No person shall be entitled to a divorce in pursuance of the provisions of this act, who has not resided in the State one whole year, next before filing his or her bill or petition, unless the offense or injury complained of was committed within this State, or whilst one or both of the parties resided in this State." It is insisted by the appellee, that under the provisions of the above section of the statute the appellant had no right to file her cross-bill, praying amongst other things, for a

divorce, for the reason that she was not a resident of this State, and that fact appearing on the face of her cross-bill, he could avail himself of such fact of non-residence by way of dumurrer. We have been referred to no case in this State involving the question here involved, nor are we aware of any such having arisen. The case of Way v. Way, 64 Ill. 406, is cited by counsel for appellee as sustaining the decree of the court below; but we think it fails to do so. In that case the complainant was not a resident of this State at all, and of course the court could not take jurisdiction in such a case, and having no jurisdiction, it follows it could make no binding decree. But just at this point the analogy between the two cases ceases, for in this case the jurisdiction of the court over the subject matter of the controversy and the parties, is unquestionable. It is a familiar principle of law that a court of equity having acquired jurisdiction of the parties and of the subject matter of the suit will retain and exercise such jurisdiction, until the equities of all the parties are meted out to them. In this case the jurisdiction of the court is invoked by the appellee, he having as he had a legal right to do, filed his bill against appellant praying relief and summoning the appellant into the court. When she is thus brought in, and having responded to the claims of the appellee by answering his bill of complaint, being, as it were, then forced into the court, submits herself to its jurisdiction, and asks the court to grant to her certain equitable rights, to which she claims to be entitled, then it is that the appellee challenges the jurisdiction of the court to grant to her any equitable rights, but continues to clamor for his. This position is unconscionable and indefensible upon the principles of equity. But we are told, and it is urged by the appellee, that by reason of the arbitrary provisions of the statute, there is no escape from this dilemma, and that, as a consequence, the appellant is in the court for the purpose of receiving its mandate, and yielding obedience to its orders, but without any equitable rights which the appellee is bound to respect, for the reason, as he claims that she resided in New York, and not in Illinois, and notwithstanding she is dragged into the court, at the suit of appellee, and, as may be presumed,

Sterl v. Sterl.

against her will. We think that by the plainest princi-
ples of equity the appellee is, under such circumstances, pre-
cluded from questioning the jurisdiction of a court which he
has himself invoked; and that the court having acquired
jurisdiction of the subject matter, and the parties to the suit,
at the instance and by the prayer of the appellee, he cannot be
heard to question the jurisdiction of the court to hear, consider
and determine all the equities of the parties to the end that
complete justice may be done to all in the same case. There
is another ground on which we think the appellant had the
undoubted right to file her cross-bill, under all the circum-
stances of this case, and that is as one of the means or methods
of defense to the original bill. "A cross-bill being generally
considered as a defense to the original bill or as a proceeding
necessary to a complete determination of a matter already in
litigation, the complainant is not, at least as against the com-
plainant in the original bill, obliged to show any ground of
equity to support the jurisdiction of the court. It is treated,
in short, as a mere auxiliary suit, or as a dependency upon
the original suit." 2 Barbour, Chancery Practice, 131, and
authorities there cited. To the same effect is the holding of
the court in Field v. Schieffling, 7 Johnson Ch. R. 307. This
view seems well sustained by other elementary writers, as well
as adjudged English cases. If then, the right to file a cross-
bill be included in the right to make a full and complete
defense to the allegations contained in the original bill, we
think no one will be found who will deny her that right; so
that in either view of the case, we think appellant had the clear
right to file her cross-bill notwithstanding she was at the time,
a resident of New York, and not of Illinois. We have not
considered any of the grounds of demurrer, except the one first
mentioned, the lack of jurisdiction, but the bill being properly
filed, as we have shown, if any imperfection exists in the bill,
it could be cured by amendment, which, of course would be
allowed on application to the court below. We think the
demurrer should have been overruled. The learned chancellor
who tried the case in the court below, took a different view of the
law, which we think is error. For which error the decree

sustaining the demurrer to and dismissing the cross-bill, is reversed, and the cause remanded.    Decree reversed.