[No. 13374.   Department Two.   July 7, 1916.]

VERNA L. COOPER, *Respondent*, v. WILLIAM COOPER, *Appellant.*[1]

DIVORCE—DECREE—VACATION—GROUNDS — PETITION — SUFFICIENCY. A petition to vacate a default decree of divorce on the ground of fraud is insufficient where it merely alleged that there was a conspiracy to obtain a divorce and obtain property by false evidence, and that the plaintiff had been guilty of adultery which she had concealed, there was no answer to the plaintiff's charge of cruelty, and no sufficient excuse for the default; concealment of adultery by the wife not necessarily being a defense to her action.

Appeal from a judgment of the superior court for King county, Ronald, J., entered April 6, 1915, dismissing a petition to vacate a decree of divorce. Affirmed.

[1]Reported in 158 Pac. 1007.

*Walter S. Fulton, Charles F. Riddell*, and *Edwin C. Ewing*, for appellant.

*Jay C. Allen*, for respondent.

BAUSMAN, J.—Appeal from an order dismissing a defend-ant husband's petition for the vacation of a divorce decree rendered against him after he had filed an answer in the cause but had submitted no proof. The divorce had been granted on the ground of cruelty.

We have distinctly held that attacks on divorce decrees stand upon the same basis as attacks on ordinary judgments. *Robinson v. Robinson*, 77 Wash. 663, 669, 138 Pac. 288, 51 L. R. A. (N. S.) 534, following *Ferry v. Ferry*, 9 Wash. 239, 37 Pac. 431.

Proceedings to vacate judgments are regulated by statute into original proceedings. It is prescribed that the judg-ment shall not be vacated "until it is adjudged that there is a valid defense to the action in which the judgment is ren-dered," and that "the court may first try and decide upon the grounds to vacate or modify a judgment or order, before trying or deciding upon the validity of the defense." Rem. & Bal. Code, § 465 *et seq.*

What petitioner alleged was merely that the action had been "fraudulently conceived and prosecuted by the plaintiff as a part of a conspiracy between the plaintiff and one Wal-ter Comber to free plaintiff from the bonds of matrimony and to obtain possession of a portion or all of the property of this defendant to the mutual profit and benefit of the plaintiff and said Walter Comber," that plaintiff's evidence had been false, untrue and perjured, and that by this kind of testimony she had "practiced a fraud and imposition up-on the court in obtaining said decree." Then were narrated certain acts of adultery with Comber and their secretly co-habiting before the decree. The most else that can be gath-ered is that the husband may have mistaken the trial date of

the original case and have failed to submit his proofs for that reason.

The theory seems to be that because the wife concealed adultery which the husband could have set up, he ought to be relieved of the divorce for his cruelty. The charge of conspiracy adds mere motive to acts which must be judged either sufficient or insufficient without it.

The lower court began to receive testimony but upon the wife's motion stopped and dismissed the petition as stating no case. Whether this was done before or after the court reached the merits is both obscure and immaterial, for in both aspects the court was right. In so far as deceit in getting the judgment is concerned as a fraud in procedure, nothing whatever is really alleged, little else than that defendant himself made a mistake as to the date. He alleges no false promises or information about the date, no talk of compromise to keep him away from the court or any corrupt actions of his own counsel, in a word, no extrinsic or collateral fact that cheated him of his day in court. *United States v. Throckmorton*, 98 U. S. 61.

As to fraud in the merits of the original case, the extent to which the courts will go where the decree was obtained by perjury it is not necessary to discuss, for on this branch too the petition showed nothing. The husband had answered in the original case by denials of the cruelty, yet in his petition does not aver that those denials were true and that he therefore had and lost a good defense. The adultery which he now says is a new discovery might not have negatived the cruelty, for a court cannot say whether his cruelty was a consequence of her adultery or her adultery resorted to as a solace from his cruelty. If the adultery was subsequent to the decree it is of little moment; if it preceded not only the decree but the case itself, if was not necessarily a defense.

There must be repose in final judgments. Those who would overturn them should make out a right most clearly,

especially when, as here, the other party has acted upon that judgment by marriage.

Order affirmed.

MORRIS, C. J., HOLCOMB, MAIN, and PARKER, JJ., concur.