WINSTON T. SLOAN *v.* KATIE T. SLOAN.*

(*Nashville,* December Term, 1926.)

Opinion filed June 11, 1927.

1. **DIVORCE. Two years residence. Non-resident cross-complainant.**

Where an action for a divorce is brought by a resident of this State against a non-resident, a divorce may be granted the non-resident upon his or her cross-bill, though the statute in general terms requires the petitioner for divorce to have been a resident of the State for two years next preceding the filing of the petition. (Post, p. 425.)

Citing: Carter v. Carter, 113 Tenn., 512; Shannon's Code, sec. 4203; 9 R. C. L., 201-404; 19 C. J., 27; Sterl v. Sterl, 2 Ill. App., 223.

2. **SAME. Suits in nature of chancery proceedings.**

Divorce suits whether in the chancery or circuit court, are in their essential nature to all intents and purposes Chancery proceedings. (Post, p. 428.)

Citing: Richmond v. Richmond, 18 Tenn., 334, 3 Higgins, 344, 19 C. J., 22.

3. **SAME. Same.**

The court has power to apply equitable principles in a matrimonial action for a separation. (Post, p. 428.)

Citing: Johannessem v. Johannessem, 128 New York, 892.

4. **JUDGMENT. Judgment or decree when conclusive. Code provision.**

The general rule, supported by many decisions of this court, is, that a judgment or decree of a court of competent jurisdiction is binding and conclusive on the parties thereto, and cannot be collaterally attacked. And section 6293 of Shannon's Code provides

---

*Domicil or residence of defendant in divorce action as condition of relief on cross bill, see annotation in 59 L. R. A., 149; 9 R. C. L., 404; 2 R. C. L. Supp., 796.

that decrees need not recite the facts upon which they are based, and cannot be collaterally attacked. (Post, p. 429.)

Citing: Encyclopedia Digest of Tenn. Reports, vol. 7, p. 649, and vol. 10, pp. 290-5.

---

*Headnotes 1. Divorce, 19 C. J., section 38; 2. Divorce, 19 C. J., section 475; 3. Divorce, 19 C. J., section 23; 4. Divorce, 19 C. J., section 26; 5. Divorce, 19 C. J., section 404 (Anno); 6. Judgments, 34 C. J., section 815; 7. Evidence, 22 C. J., section 68; Judgments, 34 C. J., section 841.

---

## FROM SHELBY.

---

Appeal from the Chancery Court of Shelby County.— HON. M. C. KETCHUM, Chancellor.

P. A. RUSH, for appellant.

EDGAR WEBSTER, for appellee.

MR. JUSTICE McKINNEY delivered the opinion of the Court.

The object of the bill is to have the following decree entered in the Circuit Court of Shelby County, declared void and its enforcement enjoined, to-wit:

"W. T. SLOAN, COMPLAINANT AND
    CROSS-DEFENDANT

             v.                No. 23166 R. D.

KATIE E. SLOAN, CROSS-COMPLAIN-
    ANT AND DEFENDANT,

             FINAL-DECREE.

"This day this cause came on again for hearing, the same having been heretofore taken under advisement.

"And, it appearing to the Court, from the whole record, and the testimony offered by both parties hereto, and the argument of counsel, that the complainant, and cross-defendant, W. T. Sloan, abandoned, turned out of doors, and failed and refused to provide for defendant, and. cross-complainant, Katie E. Sloan;

"It is, therefore, ordered, adjudged and decreed that the bill of complainant, W. T. Sloan, be and the same is hereby dismissed and that he pay all costs lawfully expended in this behalf, for all of which, let execution issue.

"It is furthermore ordered, adjudged and decreed that a perpetual divorce from bed and board be and the same is hereby granted to the cross-complainant, Katie E. Sloan; and the cross-defendant, W. T. Sloan, shall pay to the clerk of this court on the 15th day of February, 1927, and on the 15th day of each and every month thereafter, as permanent alimony, the sum of $40; and, it appearing further that Edgar Webster, solicitor for Mrs. Katie E. Sloan, should recover of W. T. Sloan, the cross-complainant, a solicitor's fee of $100, it is furthermore ordered, adjudged and decreed that he pay to Edgar Webster on the 1st day of February, 1927, the sum of $25, and a like sum on the 1st of each and every month thereafter until the entire sum has been paid.

"It furthermore appearing to the court that W. T. Sloan is delinquent in the alimony *pendente lite,* to the extent of $50, it is furthermore ordered, adjudged and decreed that he pay to the clerk of this Court on the 15th day of January, 1927, the sum of $50, as alimony *pendente lite.*

"This matter is retained in Court for the purpose of enforcing this decree.

"To all of which action of the Court the complainant then and there excepted and now excepts."

In the Circuit Court cause the bill charged, and the answer admitted, that the defendant was a resident of Mississippi; hence the complainant insists that the decree of divorce awarded defendant was invalid because her grounds of divorce arose out of the State and she had not resided in the State two years next preceding the filing of her cross-bill, as required by Section 4203 of Shannon's Code.

While such is the general rule, an exception is recognized in most jurisdictions where a resident of the State brings an action for divorce against a non-resident, and the latter files a cross-bill seeking a divorce from the original complainant.

This rule is thus stated in 9 R. C. L., 404, section 201:

"Where an action for divorce is brought by a resident of the State of the forum against a nonresident, it is generally held that a divorce may be granted the nonresident on his or her cross-bill though a statute in general terms requires the complainant in an action for divorce to have been a resident of the state for a designated time. And it has been held that the abandonment or dismissal of the original bill or petition does not oust the court of jurisdiction to grant a divorce to the nonresident cross-petitioner. The jurisdiction of the court to entertain a cross-bill by a nonresident defendant is based on the familiar principle that a court of equity having acquired jurisdiction of the parties and of the subject-matter of the suit will retain and exercise such jurisdiction until the equities of all the parties are meted out to them."

The same principle is announced in 19 C. J., 27, in the following language:

"Generally statutes making residence of plaintiff a prerequisite to the exercise of divorce jurisdiction does not preclude a nonresident defendant from filing a cross-bill and obtaining a decree of divorce against plaintiff, provided plaintiff has resided in the jurisdiction the requisite time."

From the cases supporting these texts it will be found that the courts in the following states support this rule, to-wit: Indiana, Kentucky, Massachusetts, Michigan, Nebraska, Nevada, New Hampshire, New Jersey, Ohio, Oklahoma, Texas and Washington.

The only court holding to the contrary is the Supreme Court of Rhode Island.

The reason for granting such relief to a non-resident is thus stated in *Sterl* v. *Sterl*, 2 Ill. App., 223, to-wit:

"It is a familiar principle of law that a court of equity having acquired jurisdiction of the parties and of the subject-matter of the suit will retain and exercise such jurisdiction until the equities of all the parties are meted out to them. In this case the jurisdiction of the court is invoked by the appellee, he having, as he had a legal right to do, filed his bill against appellant praying relief and summoning the appellant into the court. When she is thus brought in, and, having responded to the claims of the appellee by answering his bill of complaint, being, as it were, then forced into the court, submits herself to its jurisdiction, and asks the court to grant to her certain equitable rights, to which she claims to be entitled, then it is that the appellee challenges the jurisdiction of the court to grant to her any equitable rights, but continues to clamor for his. This position is unconscionable and indefensible upon the principles of equity. But we are told, and it is urged by the appellee, that by reason of the arbitrary provisions of the statute, there is no es-

cape from this dilemma, and that, as a consequence, the appellant is in the court for the purpose of receiving its mandate and yielding obedience to its orders, but without any equitable rights which the appellee is bound to respect, for the reason, as he claims, that she resided in New York and not in Illinois, and notwithstanding she is dragged into the court, at the suit of the appellee, and, as may be presumed, against her will. We think that by the plainest principles of equity the appellee is, under such circumstances, precluded from questioning the jurisdiction of a court which he has himself invoked; and that, the court having acquired jurisdiction of the subject-matter and the parties to the suit at the instance and by the prayer of the appellee, he cannot be heard to question the jurisdiction of the court to hear, consider, and determine all the equities of the parties to the end that complete justice may be done to all in the same case.

"We also adopt the opinion of the Supreme Court of Michigan that it follows that it is a reasonable construction of our statute that, where the plaintiff in a divorce suit has resided in this State the full statutory period, and the defendant has appeared in the same cause, the court has jurisdiction over the parties, and the right to dispose of all the issues between them upon their merits and according to equity, even if in order to do so it is necessary to grant a divorce to a nonresident defendant upon a cross petition."

The foregoing statement has been approved by several courts of last resort, and, in our opinion, is sound.

With respect to the two year statute here involved this court, in *Carter* v. *Carter*, 113 Tenn., 512, said:

"The purpose of this section was to prevent this State from being made a dumping ground for the marital scandals of other States, and so to protect the people of this

State, to a degree, from the demoralizing influence that must be experienced by any community which opens its courts without restraint to the class of cases referred to.''

According to the allegations of the answer and cross-bill the original complainant, in January, 1919, carried cross-complainant from their home in Memphis, where they had resided for six years, to the home of her parents in Mississippi, to enable her to recover her health, promising to return for her in a few weeks, which he did not do although she requested him to do so, and it was charged that this was a trick or device resorted to for the purpose of getting rid of her. The trial court found the issues in favor of cross-complainant, and since the testimony was not preserved by bill of exceptions it will be presumed that the charges of the cross-bill were sustained.

In these circumstances, it would do no violence to the spirit or purpose of the statute to hold, as we do, that the wife can maintain a cross-action for divorce.

Divorce suits, whether in the Chancery or Circuit Court, are in their essential nature and to all intents and purposes Chancery proceedings. *Richmond* v. *Richmond,* 18 Tenn., 344, 3 Higgins, 471; 19 C. J., 22.

The court has power to apply equitable principles in a matrimonial action for a separation. *Johannessen* v. *Johannessen,* 128 N. Y. S., 892.

It is said, in the second place, that the Circuit Court decree does not sufficiently set forth the issues and the decision of the court thereon.

To this we cannot agree.

Section 6293 of Shannon's Code provides that ''decrees need not recite the facts upon which they are based, but only the conclusions to which the court has come.''

The general rule, supported by many decisions of this court, is that a judgment or decree of a court of competent jurisdiction is binding and conclusive on the parties thereto, and cannot be collaterally attacked. For cases see Encyclopedic Digest of Tennessee Reports, vol. 7, p. 649.

Here the court had jurisdiction of the parties and of the subject-matter. The decree recites that the cause was heard on the record and the testimony of witnesses for both parties, from all of which the court found that the complainant and cross-defendant abandoned and failed and refused to provide for cross-complainant, and that complainant was entitled to no relief but that cross-complainant was entitled to a divorce from bed and board and same was decreed to her.

Where the court has jurisdiction of the parties and of the subject-matter, as in this cause, it will be presumed that the decree conforms to the pleadings and proof; in fact, it is well settled by the decisions of this court that every reasonable presumption will be indulged in support of the regularity of the proceedings, and the validity of the judgment of courts of competent general jurisdiction, when both the subject-matter and the parties are within the territorial limits of the court's jurisdiction. See cases cited in Encyclopedic Digest of Tennessee Reports, vol. 10, pp. 290-295.

The Chancellor was correct in holding that the Circuit Court decree was valid and in dismissing the bill in this cause, and his decree will be affirmed with costs.