Patrick PURDY, Plaintiff,

v.

UNITED STATES of America,
Defendant.

No. A-3543.

District Court, D. Alaska,
First Division.   Ketchikan.

March 31, 1956.

Floyd O. Davidson, Ketchikan, Alaska,
for plaintiff.

T. E. Munson, U. S. Atty., Juneau, Alaska, and C. Donald O'Connor, Asst. U. S. Atty., Ketchikan, Alaska, for defendant.

HODGE, District Judge.

Plaintiff was convicted in the Justice's Court for Ketchikan Precinct on January 20, 1955, upon two complaints for violation of Sec. 35–4–15, A.C.L.A.1949, as amended by Chap. 36, S.L.A.1953, which amendment added a new section to the statute relating to the sale or disposition of intoxicating liquor to minors, reading as follows:

> "(9) Purchase by Minors. It shall be unlawful for any person between the ages of seventeen and twenty-one years to solicit the purchase of or in any other way to attempt to purchase or otherwise secure any intoxicating liquors, including beer and wine. Any person violating the provisions of this subsection shall be guilty of a misdemeanor, and upon conviction thereof shall be punished as provided in Section 35–4–20, A.C.L.A. 1949";

and was sentenced to one year, suspended, and to pay a fine of $250 in each case, such sentences to run concurrently.

At the time of trial the plaintiff (defendant below) moved to dismiss the charges upon the grounds that the Juvenile Code gives to the Justice of the Peace exclusive jurisdiction of children under the age of 18 years to be proceeded against as juveniles, that the accused was 17 years of age, and that as the court cannot waive such jurisdiction in cases of misdemeanor, it lacked jurisdiction to impose a jail sentence and fine upon him. This motion was denied, but the judgment provided that such be "held pending outcome of ruling in District Court."

Plaintiff petitioned this court for a writ of review under the provisions of Chap. 2, Title 57, A.C.L.A.1949, which was allowed by Judge Folta by order entered April 5, 1955. The matter was argued before Judge Folta, briefs were submitted but no decision had been rendered at the time of his death, and the cause was submitted to the undersigned Judge at Juneau by stipulation of counsel upon such briefs.

The Juvenile Code of Alaska, Chap. 3, Title 51, A.C.L.A.1949, vests exclusive original jurisdiction in cases of children under 18 years of age in the Justice's Court in accordance with the provisions prescribed therein, concerning any child residing in the Territory who, among other things, "has violated any law of the United States or the Territory." This Act provides for waiver of jurisdiction only if the child is charged with commission of a felony, in which case the court may order the child to await action by the grand jury, and that otherwise if the court finds upon hearing that the child falls within any of the provisions of the Act an order may be entered only:

> "(1) Committing the child to the Territorial Department of Public Welfare or
>
> "(2) Releasing the child to the care and custody of the parent, guardian, or other suitable person, under the supervision of the Department of Public Welfare."

Commitment of any such child to a jail except for detention pending hearing is expressly forbidden, and it is also provided that no such child

> "be deemed a criminal by such adjudication, nor shall such adjudication be deemed a conviction, nor shall any child be charged with or convicted of a crime in any court, except as provided in Section 9 of this Act."

The Government contends that the provisions of the Juvenile Code were repealed by implication by the provisions of Chap. 36, S.L.A.1953, under which the plaintiff was convicted, and therefore that the Justice of the Peace had jurisdiction to try the offense and that the sentence was validly imposed.

It is conceded that unless there be such implied repeal or amendment of the Juvenile Code, the Justice was without jurisdiction to impose any such fine or imprisonment, even though the jail sentence be suspended. 31 Am.Jur., Juvenile Courts and Offenders, 796, Secs. 24–28.

It will be observed that the only conflict between these Acts relates to a child between the ages of 17 and 18, and then only as to the penalty provided for violation of this specific law. There was no express amendment in the 1953 Act making any exception in the treatment of minors of such age classification to the provisions of the Juvenile Code, nor any reference thereto.

■ The rule has been recognized in this jurisdiction that a statute may be amended by implication by a later enactment, notwithstanding no mention of the former Act is made in the subsequent Act, which rests on the inference that the Legislature cannot be supposed to have intended that there should be two distinct enactments embracing the same subject matter in force at the same time, and that the new statute being the most recent expression of the legislative will must be deemed a substitute for the previous enactment. However, the view is generally held that amendments by implication are not favored, that the enactment of a law will not be held to have changed a statute that the legislature did not have under consideration at the time of enacting such law, that implied amendments cannot arise merely out of supposed legislative intent in no way expressed; and such intent will not be imputed unless manifestly clear from the context of the legislation. Further, no amendment by implication, or modification of or exception to existing law by a later act, can occur unless the terms of the latter statute are so repugnant to the earlier statute that they cannot stand together, or the latter statute revises the whole subject of the former. 82 C. J.S., Statutes, § 252, p. 418; 50 Am.Jur., Statutes, 542–6, Secs. 538–9; Jacobs v. Jacobs, 10 Alaska 46, 60; Grimes Pack-

ing Co. v. Hynes, D.C.Alaska, 67 F. Supp. 43, affirmed 9 Cir., 165 F.2d 323.

■ A general law will not be held to be modified by implication by a subsequent special law unless the latter Act is so clearly in conflict with the existing law that both cannot stand. If effect may be given to both, no repeal by implication results. 50 Am.Jur., Statutes, 564, Sec. 563; Western Realty Co. v. City of Reno, 63 Nev. 330, 172 P.2d 158, 161; Jacobs v. Jacobs, supra; Grimes Packing Co. v. Hynes, supra.

■ Where two statutes cover in whole or in part the same matter, and where the latter statute is not so broad in its scope or clear and implicit in its terms as to clearly indicate an intention to cover the whole subject, or unless there exists such irreconcilable conflict that effect cannot reasonably be given both statutes, it is the duty of the court to give effect to both. Frost v. Wenie, 157 U.S. 46, 15 S.Ct. 532, 39 L.Ed. 614; Washington v. Miller, 235 U.S. 422, 35 S.Ct. 119, 59 L.Ed. 295; Stevens v. Biddle, 8 Cir., 298 F. 209.

■ The Legislature is presumed to know the existing law. A reasonable construction of the apparent conflict between these statutes is simply that in cases involving violations of Chap. 36 offenders between the ages of 18 and 21 years may be punished as for a misdemeanor by fine or imprisonment; but offenders between the ages of 17 and 18 years must instead be proceeded against under the provisions of the Juvenile Code. This in no way nullifies the intent and purpose of Chap. 36, that is to fix the responsibility of purchase or soliciting the purchase of liquor by minors upon them, as well as upon the seller.

■ That it was the intention of the Legislature to leave unimpaired the Juvenile Code is further illustrated by the fact that in the next session the Legislature adopted several amendments to the Juvenile Code, but retaining the same provisions as to jurisdiction in juvenile cases of children under 18 years,

of age, without exception as to violation of the liquor laws. Chap. 48, S.L.A. 1955.

Defendant also contends that "in order to raise any question of the validity of these convictions" there must be a showing that the words "between the ages of seventeen and twenty-one years" are ambiguous, citing United States v. Hardcastle, 10 Alaska 254. There is no such issue involved in this case.

The judgment is reversed and the cause remanded to the Justice's Court with instructions to dismiss the actions. Order pursuant to Sec. 57–2–10, A.C.L.A. may be presented accordingly.