### JONES et al. v. SHARYLAND INDEPENDENT SCHOOL DIST.

#### No. 12282.

Court of Civil Appeals of Texas. San Antonio.

April 11, 1951.

Rehearing Denied May 9, 1951.

Kelley, Looney, McLean & Littleton and Sidney L. Farr, all of Edinburg, for appellant.

Strickland, Wilkins, Hall & Mills, Mission, for appellee.

W. O. MURRAY, Justice.

This suit was instituted by Roy V. Jones and twenty-nine other resident taxpayers and qualified electors of Sharyland Independent School District, Hidalgo County, Texas, against the Board of Trustees of said Sharyland Independent School District, seeking an injunction to prevent said Board of Trustees from selling $150,000.00 worth of bonds which had theretofore been duly voted by the qualified voters of the Sharyland School District for the purpose of erecting school buildings.

The plaintiffs alleged that at least a part of the proceeds to be derived from the sale of these bonds was to be spent for the purpose of erecting a gymnasium and that such an expenditure would be illegal. At a pre-trial hearing the judge sustained two special exceptions to plaintiffs' petition and upon plaintiffs' refusal to amend he dismissed the cause, from which judgment of dismissal Roy V. Jones and Ben Ashe have prosecuted this appeal.

Appellees' two special exceptions which were sustained by the trial court read as follows:

"I. Defendants specially except to said petition because the same is predicated upon an erroneous construction of the provisions of Article 2802e–1, Revised Civil Statutes of Texas, as amended, in that it assumes that the provisions of such Article are exclusive, and the only manner in which the construction of gymnasia, stadia or other recreational facilities can be constructed or financed is by the issuance and sale of revenue bonds, as provided in such Article 2802e–1, whereas, as a matter of law, the provisions of such statute are not exclusive, but are merely cumulative of the legal right of an independent school district, and the Sharyland Independent School District, under the Constitution and

Statutes of Texas, to finance the construction of such gymnasia, stadia or other recreational facilities, by the sale and issuance of bonds which create a debt against the school district and the taxable property thereof, pursuant to a vote of the requisite majority of the resident, qualified, tax-paying voters owning taxable property in such a district, held pursuant to law.

"II. Defendants specially except to said petition because it affirmatively appears therefrom that plaintiffs are attempting to invoke the aid of this Court by the issuance of an injunction against these defendants to restrain them from the exercise of the judgment, discretion and power vested in them by law, and to superimpose the judgment and discretion of plaintiffs upon these defendants in the exercise of their official duties as Trustees of the Sharyland Independent School District."

█ We are of the opinion that the trial judge properly sustained these two special exceptions. Section 3, Article 7, of the Texas Constitution, Vernon's Ann. St., provides in effect that school districts may levy a tax for the purpose of erecting and equipping school buildings when authorized by a majority of the qualified property tax paying voters of the district. The provisions of this section of the constitution are implemented by Article 2784e, Vernon's Ann.Civ.Stats. It has been definitely held in this State that a gymnasium is a school building. Landrum v. Centennial High School District, Tex.Civ. App., 146 S.W.2d 799. Article 2663a, Vernon's Ann.Civ.Stats., in effect, requires that physical education be taught in our public schools and it is apparent that a gymnasium is necessary to the proper teaching of physical education. Therefore, the Trustees of the Sharyland Independent School District would be justified under the constitution and the statutes in using a portion of the proceeds of the sale of these bonds, which were duly voted by the electors of that district, for the purpose of erecting a gymnasium.

█ It is true that Article 2802e–1, Vernon's Ann.Civ.St. provides, in effect, that gymnasia, stadia and other recreational facilities may be built by proceeds derived from the sale of self-liquidating bonds, sometimes called revenue bonds, and that such bonds are never to be paid out of the tax money of the district. But the provisions of this article are merely cumulative of the provisions of Article 2784e, supra, and the provisions of Section 3, Article 7, of the State Constitution. There is nothing in Article 2802c–1 which would indicate that it was to be the exclusive method of securing funds with which to build gymnasia.

█ The rules of construction of statutes require that a subsequent statute which does not expressly repeal a former statute be construed as merely cumulative of the former statute even though it relates to the same subject matter, unless the provisions of the two statutes are so repugnant to each other that they both cannot possibly stand. 39 Tex.Jur. p. 130 § 67; Rosebud Ind. School Dist. v. Richardson, Tex.Civ.App., 2 S.W.2d 513; Doherty v. King, Tex.Civ.App., 183 S.W.2d 1004; Madeley v. Trustees of Conroe Independent School Dist., Tex.Civ.App., 130 S.W.2d 929; Ruby Lumber Co. v. K. V. Johnson Co., 299 Ky. 811, 187 S.W.2d 449, 166 A.L.R. 1215.

In 50 Am.Jur., Statutes, § 539, p. 546, the rule is stated thus: "Presumptions Applicable.—The courts will not presume that the legislature intended a repeal by implication. Indeed, the presumption is always against the intention to repeal where express terms are not used, and where effect can reasonably be given to both statutes. The presumption rests on the improbability of a change of intention, or, if such change occurred, on the probability that the legislature would have expressed it with an express repeal of the first. In this connection, it may be presumed that laws are passed with deliberation, and with full knowledge of existing ones on the subject."

In Tipton v. Sands, 103 Mont. 1, 60 P. 2d 662, 668, 106 A.L.R. 474, the court said: "To make tenable the claim that an earlier statute was repealed by a later one,

the two acts must be plainly and irreconcilably repugnant to, or in conflict with, each other; must relate to the same subject; and must have the same object in view."

Appellants contend that if the trustees of the Sharyland Independent School District may use the proceeds from these tax supported bonds for the purpose of building a gymnasium, then Article 2802e–1, supra, is necessarily unconstitutional. We are not called upon to pass upon this question. We need go no further than to hold that under Section 3 of Article 7 of the Texas Constitution and Article 2784e, Vernon's Ann.Civ.Stats., the trustees of an independent school district are authorized to use the proceeds from bonds voted by the qualified electors of a school district for the purpose of erecting a gymnasium, and that this authority was not taken away by the enactment of Art. 2802e–1, supra. The trial judge properly sustained the exceptions to appellants' petition and, upon their refusal to amend, properly dismissed the cause.

Accordingly, the judgment is affirmed.